IN THE UNITED STATES BANKRUPTCY COURT
District of South Carolina

| | |
|---|---|
| In the Matter of:<br>Anthony Michael Moe<br>Kristine Molitor Moe<br><br><br><br>Debtor(s) | Case No. 15-04853<br><br><br>Chapter 13 |

### NOTICE OF OBJECTION TO CLAIM AND OPPORTUNITY FOR HEARING

Take notice that F. Lee O'Steen, on behalf of the above debtor(s), filed an objection to claim filed by Midland Credit Management, Inc. as agent for Midland Funding, LLC in the amount of $1650.86  in Case no. 15-04853 on  December 18, 2015 as claim number 24.

A copy of the objection and proposed order accompanies this notice.

Take further notice that any response, return and /or objection to the objection, should be filed with the Clerk of the Bankruptcy Court no later than 30 days from service of the objection and a copy simultaneously served on all parties in interest.

Take further notice that no hearing will be held on this objection unless a response, return and/or objection is timely filed and served, in which case, the Court will conduct a hearing on March 2, 2017, at 10:00 AM, at Donald Stuart Russell Federal Courthouse, 201 Magnolia Street, Spartanburg, SC 29306-2355

NO further notice of this hearing will be given.

Dated:  January 17, 2017


Address for Court:
United States Bankruptcy Court
1100 Laurel Street
Columbia, SC 29201-2423

> /s/ F. Lee O'Steen
> F. Lee O'Steen
> P.O. Box 36534
> Rock Hill, SC 29732
> Phone (803) 327-5300
> Fax (803) 327-5250
> mailto:Lee@OsteenLawFirm.com

\#

IN THE UNITED STATES BANKRUPTCY COURT

District of South Carolina

In the Matter of:

  Anthony Michael Moe                       Case No. 15-04853

  Kristine Molitor Moe

                                             Chapter 13

  Debtor(s)

DEBTOR'S OBJECTION TO CLAIM AND NOTICE

Anthony Michael Moe and Kristine Molitor Moe, debtors herein, file the following objection to the claim filed on December 18, 2015 in the amount of $1650.86 as claim number 24, by

      Midland Credit Management, Inc. as agent
      for Midland Funding, LLC
      P.O. Box 2011
      Warren, MI 48090

Debtor objects to this claim as the claim fails to provide the documentation and information required by Bankruptcy Rule 3001; information and documentation requested under the Rule have not been provided; the character of amount claimed is incorrect; written request for information as provided for in the Rules have been ignored by the claimant, and no other avenue for requesting the Court's assistance in obtaining the needed information is as efficient and effective as the process for objecting to a claim.

Debtor is not requesting the claim be disallowed under any of the exceptions to an allowed claim in 11 USC §502. Debtor is not admitting that the claim should be allowed, but that information required to be provided by Rule 3001 has not been provided and is needed to determine the validity of the claim. Without the required information the validity of the claim cannot be determined. The determination includes if this debt is owed by the debtor, if the claimant is the proper party to receive payment on this debt and if the amount in the proof of claim is the actual amount owed on this debt.

The reasons for objecting to a claim is not limited to the requirement of §502. Only request for disallowance of claims are limited by that §502. The Committee Notes give further credence to the claims objection procedure as being appropriate and proper when a violation of Rule 3001 needs to be addressed and written request to the claimant for the missing information have been ignored.

For the purpose of this objection and related order, the debtor requests that Midland Credit Management, Inc. and Midland Funding, LLC be treated as the claimant.

The claimant is not a mom and pop creditor, but an institutional investor in and/or collector of debt either through its own operation or through those of related companies. Claimant, with its related companies, files tens of thousands of proof of claims in the bankruptcy system, handles billions in collections and has lawyers to advise it of the procedures required when filing claims. Such an

institutional claim filer should be held to a higher standard and expected to monitor its procedures to ensure it is not causing unnecessary delay and cost to be incurred. Claimant purchases debt owed by debtors who have filed for bankruptcy and in doing so makes a substantial portion of its revenue from the bankruptcy system.

## Bankruptcy Rule 3001(c)(1)

Rule 3001(c)(1) requires a claim based on a writing to provide the writing which forms the basis of the claim. Depending on the type of debt, the writing must be attached to the proof of claim or be provided within 30 days after a request by a party in interest. The writing will assist interested parties in analyzing the claim. The writing should include the credit card agreement signed by debtor, the final credit card statement before the debt was written off and all documents showing the chain of parties who have had the rights to, or ownership of, this claim from the original credit card debt holder or originator to the claimant.

Rule 3001(c)(1) specifically requires that, except for a claim governed by paragraph (3) (which is a claim based on an open-ended or revolving consumer credit agreement), when a claim is based on a writing, a copy of the writing shall be filed with the proof of claim. If the document, which is the basis of the claim, has been lost or destroyed, then the Rule allows for a statement of the circumstances of the loss or destruction to be filed with the claim.

The exception allowing a creditor to provide information after the claim is filed but within 30 days of the request for this information being sent to the claimant, applies to claims based on open-end or revolving consumer credit agreements. The information and documentation required to be provided is identical under both procedures, only the timing and method is different. The Rule states that the claimant shall, within 30 days after the information is requested provide a copy of the writing requested in 3001(c)(1) to the requesting party.

In the proof of claim filed with the Court, there are no attachments to the proof of claim showing a writing forming the basis for this claim or why the claimant is the proper party to receive the funds. Therefore, is appears that the claim as filed is deficient unless the exception provided by Rule 3001 (c)(3)(B) applies.

Assuming the claim is one that qualifies for the exception in Rule 3001(c)(1), then the claimant would not be required to file with the proof of claim a copy of the writing required in Rule 3001(c)(1), but is required to provide the same information as required in that Rule 3001(c)(1) upon a request from an interested party within 30 days after the request is sent.

On July 11, 2016, debtor's attorney sent to Midland Credit Management, Inc. as agent for Midland funding, LLC to P.O. Box 2011, Warren, MI 48009 a request for:
1. writing the claim is based upon and
2. the credit card statements that show the character of the amount of the claim. (for example and not as a limitation – the amount of charges to the account for purchases, amount of interest, fees, costs charged to the account.
The letter is attached to this objection and made part thereof.

The address was the same as the one found in the section of the proof of claim labeled "Name and address where notices should be sent:". As of the date of this objection, the information and document(s) required by Rule 3001(c)(1) and requested by debtor as allowed in Rule 3001(c)(3)(B) have not been received by the debtor's attorney. The time has passed for providing this information as required by the Bankruptcy Rules, and the claimant is in violation of these Rules. The filing of this objection is the least costly and least draining on the Court's time and resources.

### Bankruptcy Rule 3001(c)(2)(A)

The Rules governing the filing of proof of claims require all claimants, regardless of the type of debt being claimed, where the debtor is an individual to provide a breakout or detail of the character of the amount being claimed. Disclosing the character of the debt is governed by Rule 3001(c)(2)(A). This Rule requires the disclosure in the proof of claim of any amounts claimed which were not the actual amounts borrowed by the debtor. The Rule requires all consumer claims to be broken out and identified as principal, interest, fees, expenses, or other charges. The Rule does state that only charges placed on the account by the current account holder or loan originator should be broken out. But instead, requires any prepetition addition to principal be disclosed.

It is believed that the amount listed in the proof of claim as "PRINCIPAL" actually contain more than just the amount borrowed by the Debtor. It is believed that a portion of the amount the claimant labeled as principal contains prepetition interest, fees, expenses or other charges. These charges may be valid under the agreement authorizing the debt but should be listed under the proper classification. When the required information is not being filed or provided, interested parties cannot tell if the amounts added are valid or owed by the debtor. These prepetition charges are not being disclosed in the proof of claim as required by the Rules.

### Sanctions for Failure to Provide Information Required by
### Bankruptcy Rule 3001 (c), 11 U.S.C. §105 and §9011

If the Court finds the claimant failed to provide information require by Rule 3001(c) then the Court may, after a hearing take either or both of the following actions.

First, the Court may preclude the claimant from presenting the omitted information, in any form, as evidence in any contested or adversary proceeding in the case, unless the Court determines that the failure was substantially justified or is harmless.

Second, the Court may award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

The Court powers to award other appropriate relief are not limited, except for disallowance of the claim if the sole reason for the disallowance would be the claimant's failure to file the documents required by Rule 3001(c).

The notes to the Rule 3001 state that Subparagraph (D) of subdivision (c)(2) sets forth sanctions that the court may impose on a creditor in an individual debtor case that fails to provide information required by subdivision (c). Failure to provide the required information does not itself constitute a ground for disallowance of a claim. *See* § 502(b) of the Code. But when an objection to the allowance of a claim is made or other litigation arises concerning the status or treatment of a claim, if the holder of that claim has not complied with the requirements of this subdivision, the court may preclude it from presenting as evidence any of the omitted information, unless the failure to comply with this subdivision was substantially justified or harmless. The court retains discretion to allow an amendment to a proof of claim under appropriate circumstances or to impose a sanction different from or in addition to the preclusion of the introduction of evidence.

These Committee Notes to the Rules are protecting the additional goal that all valid claims owed by the debtor and not subject to defenses be allowed. This limitation does not affect the ability of the Court to police violations of the Bankruptcy Rules, but is just a limitation on a single remedy. The Committee Notes clearly acknowledges the Court's ability to impose a sanction different from or in addition to the preclusion of evidence.

The Claimant failure to disclose and provide documents and information is not substantially justified and harmless when applying Rule 3001(c)(2)(D). Claimant has willfully chosen not to provide the information and documentation required by Rule 3001(c)(1) in the proof of claim and willfully has refused to provide the information and documentation required to be provided by Rule 3001(d) after a written request was made. There have been over 120 requests in cases to this claimant and not a single requested document has been received. It is requested that judicial notice be taken that the USPS would not have lost 120 separate letters to the same claimant. The number of requests made and the failure to provide the information by claimant is further proof of the willful disregard for the Bankruptcy Rules or the failure of procedures established by claimant to meet the requirements of the Bankruptcy Rules.

Sanctions available to the Court include, but are not limited to, requiring claimant to pay reasonable attorney fees and cost for bringing this action; require claimant to provide the omitted information; inquire into why the information required by the Bankruptcy Rules has not been provided and inquire if it is the normal procedure of the claimant to not provide required information until a debtor files an action to get the requested information.

If this Court finds the procedure setup and implemented by the claimant in processing and filing proof of claims is purposefully deficient or provides a continuous disregard for the Rules of the Bankruptcy Court; purposefully and with intent to create a hindrance to other parties trying to analyze claims; requiring objections for interested parties to get documents required to be provided upon request; or creates a situation which prevents the efficient use of this Court's limited time and resources, the Court has the remedy available under 11 U.S.C. §105 and §9011 to cure this problem. Both provisions are available to the Court on its own motion, or as the result of a motion of an interested party. Section 105 is available to the Court when it is necessary or appropriate to enforce or implement rules or to prevent an abuse of process. Section 9011(c) provides that the Court may impose appropriate sanctions upon parties that violated §9011(b) if it finds that a party by its actions and procedures is causing unnecessary delay or needless increase in the cost of litigation.

THEREFORE, the debtor requests the Court look into this matter and find that the Debtor is entitled to receive the information required by Bankruptcy Rule 3001 to be provided to interest parties. Specifically, the writing which this claim is based upon (Rule 3001(c)(1) or Rule 3001(d)) and a detail of the character of the amount claimed. (Rule 3001(c)(2)(A)). Debtor requests that the Court requires Midland Credit Management, Inc. and Midland Funding, LLC to provide to debtor the writing which shows the basis for this claim. These documents should include the credit card agreement signed by debtor, the final credit card statement before the debt was written off and all documents showing the chain of parties who have had the rights to or ownership of this claim from the original credit card debt holder or originator to the claimant. Each document should be provided to the debtor within 5 days of this Order.

The debtor requests the Court find the claimant failed to provide the documentation and information required to be provided under Bankruptcy Rule 3001(c)(1) and/or Rule 3001(d) and Rule 3001(c)(2)(A) and that over 6 months has passed since the request to the claimant was made under Rule 3001(d), the 30-day time for providing the information has passed.

The debtor requests the Court find the failure of the claimant to provide the information and documentation required by the Bankruptcy Rules was not substantially justified and is not harmless.

The debtor requests the Court find the claimant is precluded from gaining the benefit of presenting the omitted information in any form in any contested matter or adversary proceeding in this case.

The debtor requests the Court find the claimant has purposefully and willfully refused to provide the information and documentation required by Bankruptcy Rule 3001, by not providing a copy of the writing the claim is based upon either with the proof of claim and/or within 30 days of the request of this

information by an interested party. The willful refusing to provide information and documentation is based on either desire to impede investigation into claims or a failure of the procedures the claimant has put in place to comply with the Bankruptcy Rules. Claimant is aware the information required to be provided is not being provided and has purposefully disregarded the requirement for disclosure in the Rules and ignored written request for such information.

The debtor requests the Court find the claimant should pay a reasonable attorney fees and cost caused by their failure to provide the information and documentation required under the Bankruptcy Rules.

The debtor requests the Court looks into this matter and if it finds the claimant's behavior has been one that purposefully and willfully caused a delay or unnecessary expense to the debtors in trying to obtain information, that the Court would fashion a remedy to curb such future behavior.

Debtor is also requesting that any order would include and be binding on Midland Credit Management, Inc. and Midland Funding, LLC as they appear to be both proper parties to hold liable on the matters raised in this objection.


Dated:  January 17, 2017

O'STEEN LAW FIRM, LLC
/s/ F. Lee O'Steen
F. Lee O'Steen
P.O. Box 36534
Rock Hill, SC 29732
(803) 327-5300
(803) 327-5250 (fax)
mailto:Lee@OsteenLawFirm.com

O'STEEN LAW FIRM

Phone Numbers:
Rock Hill: 803-327-5300
Lancaster: 803-289-2900
Chester:   803-581-5390
www.OsteenLawFirm.com

F. Lee O'Steen
Attorney at Law
and Certified Public Accountant

2254 Celanese Road
Rock Hill, South Carolina 29732
(803) 327-5300

July 11, 2016

Midland Credit Management, Inc. as agent
for Midland Funding, LLC
P.O. Box 2011
Warren, MI 48090

Re:    Anthony Michael Moe and Kristine Molitor Moe

To Whom It May Concern:

On September 10, 2015, the above-named debtor filed a voluntary petition under Chapter 13 of the U.S. Bankruptcy Code.  The case number is 15-04853.

I represent the debtors in this case. You filed a proof of claim that was docketed as **claim number 24** in the **amount of $1650.86**. Your claim appears to be based on an open ended or revolving consumer credit agreement. Debtor is requesting a copy of the following:
  1. writing the claim is based upon and
  2. the credit card statements that show the character of the amount of the claim. (for example and not as a limitation – the amount of charges to the account for purchases, amount of interest, fees, costs charged to the account.

Please forward this to me at:
F. Lee O'Steen
O'Steen Law Firm
P.O. Box 36534
Rock Hill, SC 29732

Sincerely,
/s/ F. Lee O'Steen

IN THE UNITED STATES BANKRUPTCY COURT
District of South Carolina

| | |
|---|---|
| In the Matter of:<br>Anthony Michael Moe<br>Kristine Molitor Moe<br><br><br><br>Debtor(s) | Case No. 15-04853<br><br><br>Chapter 13 |

Midland Credit Management, Inc. as agent
for Midland Funding, LLC
P.O. Box 2011
Warren, MI 48090

Chapter 13 Trustee by electronic notice only

CERTIFICATE OF SERVICE

The below signed states that they served the objection, notice and proposed order on the above named creditor and the Trustee (electronic notice only), by mailing them, on this date, copies of the objection, notice and proposed order, first class, postage prepaid.

Dated: January 17, 2017

/s/ F. Lee O'Steen
F. Lee O'Steen
P.O. Box 36534
Rock Hill, SC 29732
Phone (803) 327-5300
Fax (803) 327-5250
mailto:Lee@OsteenLawFirm.com